IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-24718

**CREATIVE PHOTOGRAPHERS INC.,**

   Plaintiff

v.

**PRODUCCION & DISTRIBUCION CORP.,**

   Defendant

_____/

## DEFENDANT, PRODUCCION & DISTRIBUCION CORP.'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, PRODUCCION & DISTRIBUCION CORP., (hereafter "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, Creative Photographers Inc.'s (hereafter "Plaintiff"), Complaint (CM/ECF 1) as follows:

### THE PARTIES

1. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 1 of the Complaint, leaving Plaintiff to its proofs.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Defendant admits that this Court has subject matter jurisdiction of a civil action alleging copyright infringement, and thus admits Paragraph 3 of the Complaint for jurisdictional purposes, but denies that any copyright infringement occurred.

4. Defendant admits that this Court has personal jurisdiction over Defendant.

5. Defendant admits that venue is proper in this judicial district.

**FACTS**

6. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 6 of the Complaint, leaving Plaintiff to its proofs.

7. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 7 of the Complaint, leaving Plaintiff to its proofs.

8. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 8 of the Complaint, leaving Plaintiff to its proofs.

9. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 9 of the Complaint, leaving Plaintiff to its proofs.

10. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 10 of the Complaint, leaving Plaintiff to its proofs.

11. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 11 of the Complaint, leaving Plaintiff to its proofs.

12. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 12 of the Complaint, leaving Plaintiff to its proofs.

13. Defendant admits that the document attached to the Complaint as **Exhibit A** is purportedly Certificate of Registration No. VA 2-227-635, and neither admits nor denies the remaining allegations of Paragraph 13 of the Complaint, leaving Plaintiff to its proofs.

14. Defendant, lacking personal knowledge, neither admits nor denies the allegations of Paragraph 14 of the Complaint, leaving Plaintiff to its proofs.

15. Defendant, lacking personal knowledge, neither admits nor denies the allegations of Paragraph 15 of the Complaint, leaving Plaintiff to its proofs.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 18 of the Complaint, leaving Plaintiff to its proofs.

19. Defendant admits that the document attached to the Complaint as **Exhibit B** is purportedly a snapshot of Defendant's website, but otherwise denies the allegations in Paragraph 19 of the Complaint.

20. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 20 of the Complaint, leaving Plaintiff to its proofs.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 22 of the Complaint, leaving Plaintiff to its proofs.

23. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 23 of the Complaint, leaving Plaintiff to its proofs.

24. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 24 of the Complaint, leaving Plaintiff to its proofs.

## COUNT I - COPYRIGHT INFRINGEMENT

25. Defendant repeats and realleges its prior responses hereto.

26. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 26 of the Complaint, leaving Plaintiff to its proofs.

27. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 27 of the Complaint, leaving Plaintiff to its proofs.

28. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 28 of the Complaint, leaving Plaintiff to its proofs.

29. Defendant lacking personal knowledge, neither admits nor denies the allegations of Paragraph 29 of the Complaint, leaving Plaintiff to its proofs.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief requested in its "Wherefore" clause below Paragraph 37 of the Complaint. Defendant adds that it will be seeking attorneys' fees and costs for its defense in this lawsuit.

## **JURY TRIAL DEMAND**

Defendant demands a trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

1. Defendant states that any alleged use of the purported copyrighted works was non-willful and innocent. If Defendant is found to be an infringer, it is an innocent infringer. As such, Plaintiff would be entitled to statutory damages of no more than $200 per infringement, if entitled to any damages at all.

2. Defendant states that Plaintiff's claims are barred or limited, in part, by the applicable three (3) year statute of limitations outlined in the Copyright Act and relevant law construing same.

3. Defendant states that Plaintiff's claims are barred or limited, in part, to the extent that Plaintiff does not own valid copyright registrations for the complained of works.

4. Defendant states that Plaintiff's claims are barred or limited, in part, to the extent that Plaintiff is not an exclusive licensee of the complained of works and therefore lacks standing to bring the instant lawsuit.

5. Defendant states that Plaintiff's recovery (if any) is subject to a reduction insofar as Plaintiff failed to mitigate its damages.

6. Defendant states that insofar as Plaintiff seeks Defendant's profits (if any), Plaintiff is not entitled to recover any profit attributable to factors other than the allegedly copied Work.

7. Plaintiff's claims are barred, in part, to the extent that Plaintiff does not own valid copyright registrations for the complained of works.

8. Plaintiff's claims are barred under the fair use doctrine because elements of 17 U.S.C. § 107 favors Defendant.

9. Plaintiff's claims are barred because Plaintiff's conduct constitutes misuse of copyright.

Dated: April 25, 2024                Respectfully submitted,

                                                      s/ *Lorri Lomnitzer*
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
Kelly DesRosiers, Esq.
Florida Bar No.: 1017878
Kelly@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Ste. 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorneys for the Defendant*